FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 MAY -1  P 2: 37

LORETTA G. WHYTE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
DIVISION OF NEW ORLEANS

| | | |
|---|---|---|
| CHARLES G. JURLS | § | CIVIL ACTION: **06-2340** |
| | § | |
| VS. | § | NO.: |
| | § | |
| | § | SECTION: **SECT. N MAG. 1** |
| AMERICAN CREW BOATS AND | § | |
| MARINE TRANSPORTATION, L.L.C. | § | |
| AND FOREST OIL CORPORATION | § | MAGISTRATE: |

*********************************************************************************************

## COMPLAINT FOR DAMAGES UNDER GENERAL MARITIME LAW

NOW COMES Charles G. Jurls, a resident of the full age of majority of St. Landry

Parish, Louisiana, through undersigned counsel and, with respect, avers:

### DEFENDANTS

Defendant, American Crew Boats and Marine Transportation, L.L.C. is a Louisiana

limited liability corporation with its principal place of business in this District and Division

and is doing business in this District.

Defendant, Forest Oil Corporation, is a foreign corporation authorized to do and

doing business in this District.

### JURISDICTION

The jurisdiction of this Honorable Court is invoked under 28 U.S.C.§1333. Plaintiff

was injured on the navigable waters of the United States in the Gulf of Mexico aboard a

vessel known as the *M/V RUDY J* owned by defendant, American Crew Boats and Marine

Transportation, L.L.C. and was a petroleum worker working on the Outer Continental Shelf.

Plaintiff brings this action pursuant to 33 U.S.C. § 905(b) of the United States

Longshoreman and Harbor Workers' Compensation Act.  Defendant, Forest Oil



Fee $350.00
Process_____
X Dktd_____
___ CtRmDep_____
___ Doc. No_____

Corporation, is liable as the time charterer of the *M/V RUDY J* for its acts and omissions in connection with the operation of said vessel in this particular accident.

## VENUE

Venue in this action is proper in this District.  Defendant, American Crew Boats and Marine Transportation, L.L.C. is a corporation with its principal place of business in this District and Division.

## FIRST CAUSE OF ACTION

I.

On July 19, 2005, plaintiff was employed as a production operator employed by Wood Group Services and performed production work in connection with an oilfield owned and operated by Forest Oil Corporation off the coast of Louisiana in the Vermilion block section of the Gulf of Mexico.

II.

On July 19, 2005, various oil and maritime interests in the Gulf of Mexico were on a heightened state of alert due to the presence of Hurricane Emily in the Gulf of Mexico. As of July 19, 2005, Hurricane Emily was 450 miles south of the Vermilion block area of the Gulf of Mexico and was tracking toward southern Texas on a north-by-northwest course, but was producing significant wave and wind conditions in the central Gulf of Mexico where plaintiff was employed.

III.

At all times pertinent hereto, American Crew Boats and Marine Transportation, L.L.C. was the owner and operator of the *M/V RUDY J* and was under contract with Forest Oil Corporation to furnish the vessel for field operations in the Vermilion Block area for work

in connection with various oil and gas production platforms owned and operated by Forest Oil Corporation. The M/V RUDY J is an aluminum hull crew boat 95 feet in length.

IV.

Plaintiff was based on Vermilion 26 platform and was assigned by Forest Oil Corporation to accompany a group of workers to platforms Vermilion 35A and Vermilion 35B in order to perform general maintenance. This assignment was made despite the fact that seas were running 8-12 feet and that winds were gusting anywhere from 25-35 mph. The work crew was sent out on the *M/V RUDY J* to perform the work assigned by Forest Oil Corporation on the two platforms.

V.

The only means of ingress and egress from the *M/V RUDY J* to platform 35B was by means of a swing rope. The workers made the transfer from the *M/V RUDY J* to platform 35B without incident and after performing the assigned work, began to return to the *M/V RUDY J* also by means of swing rope.

VI.

Due to the configuration of the *M/V RUDY J* being very high in the water and the extremely rough seas running 8-12 feet, the swing rope transfers were made in extremely hazardous conditions. Charles G. Juris safely made the transfer to the *M/V RUDY J* from Vermilion 35B plus 10 deck. After plaintiff made the transfer, one of his fellow workers, Theo Faulk, attempted to make the swing rope transfer. Due to the extremely choppy and hazardous condition of the back deck of the *M/V RUDY J* rapidly bobbing up and down in the water, Theo Faulk slammed his body against the back of the *M/V RUDY J* rather than landing safely on its deck. Theo Faulk had to grab onto the tire bumper of the *M/V RUDY*

J in order to prevent himself from being thrown into the Gulf of Mexico and possibly drowning. At that very moment, Charles G. Jurls acted in order to save Mr. Faulk's life and grabbed his hands and arms in order to pull him to safety. As Charles Jurls pulled Mr. Faulk to safety he felt a severe pain in his lower back which proved to be an extremely serious injury to his lumbar spine. Nevertheless, Charles Jurls was successful in helping to rescue Theo Faulk. Immediately after the incident, plaintiff reported his injury and was provided first aid and eventually medical treatment. An accident report was prepared and plaintiff was sent in for medical evaluation and treatment.

VII.

The accident in question was caused in part by the negligence of the master and crew of the M/V RUDY J in the following, non-exclusive respects:

A.   In permitting swing rope transfers to be made onto the back deck of the M/V RUDY J in hazardous and unsafe sea conditions;

B.   Failing to provide the proper assistance and emergency personnel to safely make swing rope transfers;

C.   In operating the M/V RUDY J in a careless and unsafe manner; and

D.   Committing such other acts of negligence as will be shown during discovery and at the trial of this matter.

VIII.

As a result of the negligence of defendants, plaintiff has sustained serious and disabling injuries to his lumbar spine which have necessitated a significant lumbar surgery involving a spinal fusion.

IX.

As a result of this injury, Plaintiff has suffered the following types of damages:

A.      Past and future lost wages and loss of earning capacity;

B.      Past and future medical expenses;

C.      Past and future physical and mental pain and suffering;

D.      Disability; and

E.      Loss of enjoyment of life.

X.

Plaintiff believes that the aggregate amount of his damages exceed a total of $500,000.

## SECOND CAUSE OF ACTION

XI.

At all times pertinent hereto, Forest Oil Corporation was the time charterer of the *M/V RUDY J*. It was also the entity which made the decision for the *M/V RUDY J* to operate under the hazardous sea conditions prevailing at the time of the accident.

XII.

Plaintiff shows that Forest Oil Corporation, through its field supervisors and other employees, was negligent in ordering and/or allowing the *M/V RUDY J* to operate in the hazardous weather conditions prevailing on July 19, 2005, which conditions specifically caused and contributed to the emergency situation in which plaintiff was injured.

XIII.

For these reasons, Forest Oil Corporation is also liable as time charterer for the damages sought herein.

W H E R E F O R E, Plaintiff prays that a copy of this Complaint be duly served upon American Crew Boats and Marine Transportation, L.L.C. and Forest Oil Corporation, and that Defendants be ordered to appear and answer same. Plaintiff prays that after due proceedings had, there be judgment herein in favor of Plaintiff and against Defendants for the damages sought herein. Plaintiff prays for all general and equitable relief to which he may be entitled and for all taxable costs.

Respectfully submitted:

JAMES P. LAMBERT
(A Law Corporation)
315 South College Road
Suite 146
Post Office Box 53083
Lafayette, Louisiana 70505-3083
(337) 261-3737

BY: _____
        JAMES P. LAMBERT, T.A. (#7934)

JS 44 (Rev. 3/99)

## CIVIL COVER SHEET

**06-2340**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS

Charles G. Jurls

### DEFENDANTS

American Crew Boats and Marine Transportation, LLC and Forest Oil Corporation

**SECT. N MAG. 1**

**(b)** County of Residence of First Listed Plaintiff  St. Landry Parish
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
James P. Lambert, ALC; 315 South College Road, Suite 146
P. O. Box 53083; Lafayette, LA 70505-3083
(337) 261-3737

Attorneys (If Known)

### II. BASIS OF JURISDICTION    (Place an "X" in One Box Only)

☐ 1  U.S. Government
     Plaintiff

X 3  Federal Question
     (U.S. Government Not a Party)

☐ 2  U.S. Government
     Defendant

☐ 4  Diversity
     (Indicate Citizenship of Parties
     in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES(Place an "X" in One Box for Plaintiff

(For Diversity Cases Only)                               and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | X 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | X 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT    (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 820 Copyrights | ☐ 810 Selective Service |
| Student Loans | 340 Marine | **PERSONAL PROPERTY** | Safety/Health | ☐ 830 Patent | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | Exchange |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | X 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | & Disclosure Act | | Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | | | Under Equal Access to |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | or Defendant) | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS—Third Party | State Statutes |
| | | ☐ 550 Civil Rights | Security Act | 26 USC 7609 | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | | | |

### V. ORIGIN    (PLACE AN "X" IN ONE BOX ONLY)

X 1  Original
     Proceeding

☐ 2  Removed from
     State Court

☐ 3  Remanded from
     Appellate Court

☐ 4  Reinstated or
     Reopened

☐ 5  Transferred from
     another district
     (specify)

☐ 6  Multidistrict
     Litigation

☐ 7  Appeal to District
     Judge from
     Magistrate
     Judgment

### VI. CAUSE OF ACTION

(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause.
Do not cite jurisdictional statutes unless diversity.)

Plaintiff was injured on the navigable waters of the United States and brings this action pursuant to 28 U.S.C.§1333 and 33 U.S.C.§905(b).

### VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
  UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:    Yes    X No

### VIII. RELATED CASE(S) IF ANY

(See instructions)

JUDGE _____    DOCKET NUMBER _____

DATE  4/28/06

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____