UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| AMERICAN CREW BOATS AND<br>MARINE TRANSPORTATION, LLC | CIVIL ACTION |
| VERSUS | NO. 07-8709 c/w<br>06-2340 |
| THE FISK CORPORATION AND<br>ABC INSURANCE COMPANY | SECTION  "N" (1) |

**ORDER AND REASONS**

Presently before the Court is the Motion for Summary Judgment filed by Defendant The Fisk Corporation (Rec. Doc. No. 88) with respect to the claims asserted against it in Civil Action No. 07-8709.[1] As stated herein, **IT IS ORDERED** that the motion is **GRANTED**.

**I.    Background**

This case arises from an injury that Charles Jurls allegedly suffered aboard the vessel, M/V RUDY J, in July 2005. After Jurls sued Plaintiff, American Crew Boats and Marine Transportation (American), and Forest Oil Corporation (Forest), in Civil Action No. 06-2340, Forest filed a cross-claim against Plaintiff, seeking defense and indemnity pursuant to the contract between Plaintiff and another entity, Lin-Bar. When Plaintiff then sought relief from its insurer, CNA, relative to Forest's cross-claims, CNA denied coverage. As a result, Plaintiff has sued its insurance

---

[1] The claims asserted in the consolidated case, Civil Action No. 06-2340, have been dismissed pursuant to a compromise reached by the parties to that action. *See* Civil Action No. 06-2340, Rec. Doc. Nos. 111 and 118.

agent, Defendant, The Fisk Corporation (Fisk), in this action, Civil Action No. 07-8709, for allegedly failing to procure necessary insurance coverage for legal and contractual liabilities arising out of Plaintiff's crew boat business and, specifically, the use of the M/V RUDY J.

## II.    Summary Judgment Standard

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The materiality of facts is determined by the substantive law's identification of which facts are critical and which facts are irrelevant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed.2d 202 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.*

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its summary judgment burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986); *see also Lavespere v. Liberty Mut. Ins. Co.*, 910 F.2d 167, 178 (5th Cir. 1990). Once the moving party carries its burden pursuant to Rule 56(c), the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex,* 477 U.S. at 324, 106 S. Ct. 2553; *see also Matsushita Elec. Indus. Co., Ltd. v.*

*Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed.2d 538 (1986); *Auguster v. Vermillion Parish School Bd.,* 249 F.3d 400, 402 (5th Cir. 2001).

When considering a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party, *Gillis v. Louisiana,* 294 F.3d 755, 758 (5th Cir. 2002), and draws all reasonable inferences in favor of that party. *Hunt v. Rapides Healthcare System, L.L.C.,* 277 F.3d 757, 764 (2001). Factual controversies are to be resolved in favor of the nonmoving party, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *See id.* (emphasis in original) (citing *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888, 110 S. Ct. 3177, 3188, 111 L. Ed.2d 695 (1990)).

Although the Court is to consider the full record in ruling on a motion for summary judgment, Rule 56 does not obligate it to search for evidence to support a party's opposition to summary judgment. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003) ("When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court."). Thus, the nonmoving party should "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims. *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871, 115 S. Ct. 195 (1994).

The nonmovant's burden of demonstrating a genuine issue is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence." *Little,* 37 F.3d at 1075. Rather,

3

a factual dispute precludes a grant of summary judgment only if the evidence is sufficient to permit a reasonable trier of fact to find for the nonmoving party. *Smith v. Amedisys*, 298 F.3d 434, 440 (5th Cir. 2002).

## III.   Analysis

Plaintiff has sued Defendant, its insurance agent, because Plaintiff's insurer, CNA, denied coverage relative to claims for defense and indemnity asserted against Plaintiff by Forest in a related lawsuit. In response, Defendant urges three grounds in support of a summary judgment in its favor: (1) Defendant owed no duty to Plaintiff to independently advise it about cost, availability, or desirability of certain insurance coverages or limits, and was not engaged to procure certain types of coverage pertinent to the "crew boat" business; (2) if Defendant owed such a duty, it was not breached, as the CNA policy provides the necessary coverage; and (3) Plaintiff's claims against it are untimely under the one-year peremption period established by La. R.S. 9:5606.

For present purposes, the Court *assumes*, in Plaintiff's favor, that Defendant had a duty to procure the insurance coverage that Plaintiff alleges to be applicable to Forest's claims. That being so, Plaintiff's claims against Defendant nevertheless fail to survive Defendant's summary judgment motion.

First, the mere fact that CNA denied Plaintiff's claims, as evidenced by the letter attached as Exhibit 1 to Exhibit A to Plaintiff's opposition memorandum (Rec. Doc. No. 112-2), is alone not sufficient to create a genuine issue of material fact relative to Defendant's alleged breach of its procurement duty. For instance, Plaintiff has offered no court ruling upholding CNA's denial of coverage. Indeed, the Court is not aware that Plaintiff has ever questioned CNA's denial by means of an administrative appeal and/or by filing suit against CNA in a court of law. Nor does

Plaintiff offer any analysis of the issue, *e.g.*, by reconciling the grounds set forth in the CNA denial letter with the substance of Forest's claim and the relevant language in the CNA policy.  Rather, Plaintiff seems to have simply accepted CNA's initial determination and, as a result, sought to hold its agent responsible.  Significantly, however, *both* Plaintiff and Defendant contend in their memoranda that the CNA policy appears to provide the very coverage needed relative to Forest's claims.

Second, to the extent that CNA is correct that its policy does not provide coverage for Forest's claims, Plaintiff has not demonstrated that a triable issue exists with respect to its ability to have discovered the coverage gap, upon reasonable inquiry, more than one year prior to filing suit on November 14, 2007.  Plaintiff does not dispute that it received the CNA policy from Defendant in August 2005,which is more than two years before it filed this suit.  In fact, Plaintiff represents that it read, and became knowledgeable of, the entire policy.  Although Plaintiff nevertheless argues that circumstances exist that reasonably justify its failure to discover the alleged omission upon reading its insurance policy, no such circumstance – other than its general assertion that a fair reading of the policy, including the "naming and waiving endorsement," indicates coverage for Forest's claims – has been identified by Plaintiff.  Assuming the accuracy of CNA's claim denial, however, Plaintiffs' conclusory assertions regarding its policy, absent a more detailed and informative explanation of the factual basis therefor, alone are of no help.  Thus, on the showing made, the Court finds no triable issue has been demonstrated relative to the timeliness of Plaintiff's claim against Defendant.[2]

---

[2] The deadline for filing actions for damages against an insurance agent or broker is established by Louisiana Revised Statute 9:5606.  It states, in pertinent part:

> A.  No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based

**IV.     Conclusion**

For the foregoing reasons, the Court finds that no triable issue has been demonstrated to exist with respect to a breach of the particular procurement duty alleged owed to Plaintiff by

---

> upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, *or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered.* However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.
>
> * * *
>
> D.  The one-year and three-year periods of limitation provided in Subsection A of this Section are peremptive periods within the meaning of Civil Code Article 3458 and, in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended.

*See* La. R.S. 9:5606 (emphasis added).

As recently noted by the United States Court of Appeals for the Fifth Circuit, the Louisiana Supreme Court has explained the commencement of such time periods as follows:

> A prescriptive period will begin to run even if the injured party does not have actual knowledge of facts that would entitle him to bring a suit as long as there is constructive knowledge of same. Constructive knowledge is whatever notice is enough to excite attention and put the injured party on guard and call for inquiry. Such notice is tantamount to knowledge or notice of everything to which a reasonable inquiry may lead. Such information or knowledge as ought to reasonably put the alleged victim on inquiry is sufficient to start running of prescription.

*See Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 671 (5th Cir. 2007) (quoting *Campo v. Correa*, 828 So. 2d 502, 510-11 (La. 2002)).

Defendant. The same is true with respect to the timeliness of Plaintiff's claims. Accordingly, **IT IS ORDERED** that Defendant's motion for summary judgment (Rec. Doc. No. 88) is **GRANTED** and that Plaintiff's claims against Fisk are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this  29th   day of September 2008.

_____
KURT D. ENGELHARDT
UNITED STATES DISTRICT JUDGE